# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown

RECEIVED APR 12 2013 JUDGE KAPLAN'S CHAMBERS

April 11, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/19/13

**BY HAND**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2240
New York, NY 10007

Re: **United States v. Sulaiman Abu Ghayth**
    **Docket No. S13 98 Cr. 1023 (LAK)**

Dear Judge Kaplan:

Sulaiman Abu Ghayth is a pretrial detainee being held in solitary confinement for security reasons on 10 South at Metropolitan Correctional Center. He is limited to one 15 minute phone call every 30 days. His request for additional phone calls has been denied by the B.O.P. The justification for this limitation is administrative, not security. We do not contest, at this time, his being kept in solitary confinement. Instead, we only request that he be permitted to make one monitored call every 10 days.

When prison restrictions infringe upon constitutional guarantees, such restrictions are evaluated in light of institutional security. See United States v. Cohen, 796 F.2d 20, 22 (2d Cir. 1986). Conditions of pretrial detention are limited in ways that treatment of convicted persons are not. See Bell v. Wolfish, 441 U.S. 520, 536 (1979). Where the conditions of confinement have an impact on a pretrial detainee's due process rights, the court must determine whether: (1) there is a valid rational connection between the regulation and the legitimate governmental interest used to justify it; (2) there are alternative means for the prisoner to exercise the right at issue; (3) the impact the desired accommodation will have on guards, other inmates, and prison resources; and (4) the absence of ready alternatives. United States v. El-Hage, 213 F.3d 74,

Honorable Lewis A. Kaplan  April 11, 2013
United States District Judge  Page 2
Southern District of New York

    Re: **United States v. Sulaiman Abu Ghayth**
         **Docket No. S13 98 Cr. 1023 (LAK)**

81-82 (2d Cir. 2000).

    The rationale for limiting a pretrial detainee in solitary confinement to one phone call every 30 days is unrelated to any security concern. There is at most, a minimal incremental security risk of permitting one phone call every 10 days, instead of one every 30 days. The recipients of the calls are screened by B.O.P. and the calls are monitored in real time to avoid impermissible conversations. The policy rests solely on administrative convenience. Such a purpose does not trump a pretrial detainee's due process and First Amendment rights.

    There are no alternative means for Abu Ghayth to communicate with his family while he awaits trial. Abu Ghayth has two wives, one former wife and eleven children. He also has several siblings. His family is located in Kuwait, Saudi Arabia and Egypt. Both the cost and distance makes it difficult for them to visit even if they were permitted to enter the United States. Nor does written communication provide an adequate substitute for a telephone call.

    The impact on prison administration is _de minimis_. At most, it will result in increasing by three the time spent arranging and monitoring the calls. Such requests have been accommodated in other cases. In _El-Hage_, for example, the defendant was permitted three calls per month to his family with an extra seven minutes of time in each call. 213 F.2d at 78. In _Basciano v. Lindsay_, 530 F.Supp. 2d 435, 449 (E.D.N.Y. 2008), the government recognized the First Amendment rights implicated by their agreement to, _inter alia_, increase the number of phone calls. There is no impact on other inmates, some of whom have been allowed to make extra calls.

    Balanced against the administrative rules, is the mental harm that accompanies prolonged isolation in solitary confinement. Abu Ghayth is kept in his single cell for 23 to 24 hours per day. He is not permitted to speak to or pray with other inmates. His loud verbal call to prayer resulted in a reprimand because B.O.P. deemed it to be prohibited communication with other inmates. Even speaking with guards is limited since Abu Ghayth's primary language is Arabic. When he is permitted out of his cell to exercise, he is placed in a room by himself to walk or do callisthenics for an hour five days per week.

Honorable Lewis A. Kaplan  April 11, 2013
United States District Judge  Page 3
Southern District of New York

    Re:  **United States v. Sulaiman Abu Ghayth**
          **Docket No. S13 98 Cr. 1023 (LAK)**

    The mental price paid by an inmate placed in solitary confinement has been recognized by Congress. According to a statement released by Senator Durbin on February 4, 2013, extreme isolation can have severe psychological effects on an inmate and can lead to mental illness including suicide. As a result of these findings, B.O.P. has agreed to conduct an independent and extensive review of these practices.

    Since Abu Ghayth's wives, siblings and children reside in three countries, one telephone call every 30 days is insufficient to remain in contact and receive psychological support. His need for maintaining such support and mental health is especially acute in this case because he was held in Iranian custody for over ten years before leaving the country and being brought to the United States. At the very least, additional phone calls will alleviate Abu Ghayth's sense of isolation without increasing security risks and with minimal additional administrative burdens. For these reasons we request that the Court order the government to permit one monitored call to approved family members, paid for by Abu Ghayth, every ten days.

                        Respectfully submitted,

                        *[signature: Philip L. Weinstein]*
                        **PHILIP L. WEINSTEIN**
                        **MARTIN S. COHEN**
                        **JONATHAN A. MARVINNY**
                        Assistant Federal Defenders

PLW/gv

cc:  John P. Cronan, Esq.
     Michael Ferrara, Esq.
     Assistant United States Attorneys
     Southern District of New York

     Sulaiman Abu Ghayth
     Reg. No. 91969-054
     Metropolitan Correctional Center