


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 16, 2013





**By Facsimile**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:   <u>United States v. Sulaiman Abu Ghayth</u>
           S13 98 Cr. 1023 (LAK)

Dear Judge Kaplan:

    The Government respectfully submits this letter in response to the defense's letter of April 11, 2013 ("Deft. Ltr."), in which the defense requests that the Court order the Metropolitan Correctional Center ("MCC") to afford the defendant additional social telephone calls. The defense suggests that the MCC's limitation of one 15-minute social call per month infringes upon his constitutional rights under the Due Process Clause and the First Amendment, and asks the Court to require the MCC to permit him three social calls per month. Upon receipt of the defense's letter, we contacted counsel for the MCC to bring the defendant's complaints to the attention of the institution. We have attached a letter from Adam M. Johnson, Supervisory Attorney for the MCC (the "MCC Ltr."), which further addresses the issues raised by the defendant.

    We have confirmed that the MCC is providing the defendant with social telephone calls in accordance with institution policies and consistent with the manner in which similarly situated inmates in the Special Housing Unit ("SHU") are treated.[1] To be clear, MCC's legal counsel has advised us that the defendant is treated exactly in the same manner as other inmates in the SHU and is being afforded no fewer calls than any of those inmates. Affording additional social calls to inmates housed in SHU is not a matter of administrative inconvenience with a "de minimis" impact on prison administration, as the defense contends. *See* Deft. Ltr. at 2. As more fully articulated in the MCC's letter of April 15, 2013, the SHU is a staff-intensive unit, where the staff has a wide range of responsibilities, aside from administering inmate calls, to ensure the

---

    [1] We also understand that the defendant is scheduled to have a social call with his family later today.

Hon. Lewis A. Kaplan
April 16, 2013
Page 2

security and safety of the prison. See MCC Ltr. at 2-3. In light of these institutional constraints, the MCC's policy with respect to social calls is well within the institution's discretion.

Furthermore, the defense's suggestion that the MCC's reasonable limitation of the defendant's social calls somehow violates his constitutional rights is without legal support.[2] See Deft. Ltr. at 1 ("When prison restrictions infringe upon constitutional guarantees, such restrictions are evaluated in light of institutional security."); id. at 2 (contending that the MCC's "rationale for limiting a pretrial detainee in solitary confinement to one phone call every 30 days" is based "solely on administrative convenience," which "does not trump a pretrial detainee's due process and First Amendment rights"). The Government is unaware of any legal authority for the proposition that a federal inmate retains a constitutionally protected interest under the First Amendment, the Due Process Clause, or any other provision of the Constitution in the right to make a particular number of social telephone calls.

To the contrary, courts evaluating telephone limitations in prison have agreed that an inmate has no right to unrestricted use of the telephone. *See, e.g.*, *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989), *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Similarly, judges in this District have upheld reasonable prison telephone regulations that further legitimate penological interests. *See, e.g.*, *Edwards v. Horn*, No 10 Civ. 6194 (RJS) (JLC), 2012 WL 760172, at *5 (S.D.N.Y. Mar. 8, 2012); *Henry v. Davis*, No. 10 Civ. 7575 (PAC) (JLC), 2011 WL 5006831 at *2 (S.D.N.Y. Oct. 20, 2011).

To that end, the defense's reliance on *United States v. El-Hage*, 213 F.3d 73 (2d Cir. 2000) and *Basciano v. Lindsay*, 530 F. Supp. 2d 435 (E.D.N.Y. 2008) is misplaced. In *El-Hage*, which primarily concerned whether the defendant's pretrial detention and conditions of confinement violated his due process rights, the court did not order the jail to afford the inmate additional prison calls. Rather, the Government agreed to modify the special administrative measures imposed on the defendant to permit him to have additional telephone calls per month. *See El-Hage*, 213 F.3d at 78. The Court concluded that the conditions of the defendant's confinement, including limiting personal telephone use to three calls per month, were permissible because they served legitimate penological interests. *See id.* at 81.

Nor did the court in *Basciano* compel the jail to permit the defendant to have additional social calls. The court in *Basciano* affirmed the Government's decision to impose special administrative measures on the defendant and not to release him into the general prison population, concluding that these restrictions were reasonable and did not impede the defendant's ability to prepare his defense. *See Basciano*, 530 F. Supp. 2d at 449-50. We

---

[2] *United States v. Cohen*, 796 F.2d 20 (2d Cir. 1986), which was cited by the defense for the proposition that prison restrictions can infringe upon constitutional rights, *see* Deft. Ltr. at 1, concerned the search of an inmate's jail cell that violated the Fourth Amendment. *Cohen* certainly did not establish that an inmate has any constitutional right in being afforded a particular number of social calls.

Hon. Lewis A. Kaplan
April 16, 2013
Page 3

understand that the Metropolitan Detention Center in Brooklyn permitted the defendant in *Basciano* to have an additional social call per month in an exercise of discretion given the unique circumstances of that case -- namely, that defendant had minor children who, per institution policy, were not permitted to visit the defendant in the SHU. *See* MCC Ltr. at 3.

Accordingly, even putting aside the defendant's failure to exhaust his administrative remedies, *see* MCC Ltr. at 1-2,[3] the Government respectfully submits that the MCC is acting within its discretion in limiting the defendant (as well as other inmates in the SHU) to one social call per month and that this determination concerning prison administration should be granted considerable deference. *See Turner v. Safley*, 482 U.S. 78, 84 (1987) (recognizing that courts are "ill equipped to deal with the increasing urgent problems of prison administration and reform" (citation omitted)); *see also Sandin v. Conner*, 515 U.S. 472, 482-83 (1995) ("federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life"); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("the problems that arise in the day-to-day operation of a corrections facility are not susceptible to easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline to maintain institutional security."); *Pugliese v. Nelson*, 617 F.2d 916, 925 (2d Cir. 1980) ("day-to-day operations of our prison system . . . are better left to the expertise of prison administration authorities").

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
John P. Cronan / Michael Ferrara
Assistant United States Attorneys
Tels.: (212) 637-2779 / -2526

Enclosure

cc: Philip Weinstein, Esq.; Martin Cohen, Esq.
    Jonathan Marvinny, Esq.; Justine Harris, Esq.
    *By electronic mail*

---

[3] *See, e.g., Johnpoll v. Thornburgh*, 898 F.2d 849, 850 (2nd. Cir. 1990) (inmate must exhaust administrative remedies with the BOP before seeking relief from the courts, absent a showing that the administrative process would be futile).