*Docket as a letter 5/24/13 am*



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 15, 2013

**By Hand**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/13
```

      Re:    <u>United States v. Sulaiman Abu Ghayth</u>
               S13 98 Cr. 1023 (LAK)

Dear Judge Kaplan:

      A conference in the above-referenced case is scheduled for today at 4:30 p.m. The Government respectfully submits this letter to advise the Court that Stanley Cohen, Esq., (who, along with Geoffrey S. Stewart, Esq., filed a notice of appearance in this case on May 13, 2013), has been indicted in the Northern District of New York and also is the subject of a criminal investigation by this Office.

      In light of this information, the Government respectfully requests that at a convenient date and time in the near future the Court conduct a hearing, pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), with respect to Mr. Cohen's representation of defendant Sulaiman Abu Ghayth in this matter. For the reasons set forth below, the Government requests that a *Curcio* hearing be held to ensure that the defendant has knowingly waived the potential or actual conflict of interest that exists in light of (1) pending criminal proceedings against Mr. Cohen in the Northern District of New York and (2) a criminal tax investigation of Mr. Cohen by this Office.[1]

### Background

      On June 15, 2012, a federal grand jury in the Northern District of New York returned a three-count indictment, docketed as 12 Cr. 316 (NAM), charging Mr. Cohen with obstructing

---

[1] The Government further notes that the pending and potential charges could very well impact Mr. Cohen's ability to secure the necessary clearances to review the classified discovery in this matter.

Hon. Lewis A. Kaplan
May 15, 2013
Page 2

and impeding the Internal Revenue Service, in violation of Title 26, United States Code, Section 7212(a) (Count One), and with causing the failure to file required reports, in violation of Title 31, United States Code, Sections 5324(b)(1) and 5324(d), as well as Title 31, Code of Federal Regulations, Part 103 (Counts Two and Three). We have enclosed a copy of the Indictment in the Northern District of New York, which is pending.

In addition, on August 1, 2012, a representative of this Office informed an attorney representing Mr. Cohen that this Office is investigating Mr. Cohen in connection with potential criminal tax charges. That investigation is ongoing.

## Discussion

The Second Circuit has held that, once alerted to the possibility of a conflict of interest, the District Court has an "inquiry obligation" to determine the character of the conflict. *See Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000); *United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998); *United States v. Stantini*, 85 F.3d 9, 13 (2d Cir. 1996); *United States v. Lussier*, 71 F.3d 456, 461 (2d Cir. 1995); *United States v. Levy*, 25 F.3d 146, 152-53 (2d Cir. 1994). The Supreme Court has held that an "actual conflict" is "a conflict *that affected counsel's performance* - as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (emphasis in original). A potential conflict exists where the attorney's and the defendant's interests may diverge, but the attorney's performance has not yet been affected. *See id.* at 1244.[2]

In fulfilling this threshold inquiry, the Court must investigate the facts and details of the attorney's interests to determine the nature of the conflict, *see Levy*, 25 F.3d at 153, and may rely upon the representations of counsel, *see Kliti*, 156 F.3d at 153; *Levy*, 25 F.3d at 154, or may conduct an evidentiary hearing, *see Armienti*, 234 F.3d at 825; *Briguglio v. United States*, 675 F.2d 81, 82 (3d Cir. 1982).

If the Court's threshold inquiry reveals that an attorney has a conflict, the Court has an obligation to disqualify the attorney or to inquire whether the defendant wishes to waive the conflict, depending on the nature of the conflict. If the Court determines that the conflict is "so

---

[2] The Second Circuit has also recognized a "*per se* conflict of interest," requiring counsel's disqualification, in two limited instances, *i.e.*, where: (1) trial counsel is not authorized to practice law; or (2) is implicated in the very crime for which his or her client is on trial. *See United States v. John Doe No. 1*, 272 F.3d 116, 125-26 (2d Cir. 2001); *Armienti*, 234 F.3d at 823. There is no *per se* conflict, however, merely because an attorney knows he is under investigation. *See United States v. Eisen*, 974 F.2d 246, 264-65 (2d Cir. 1992) (rejecting claim that counsel suffered *per se* conflict where counsel was disqualified in unrelated case during the course of defendant's representation); *United States v. Aiello*, 900 F.2d 528, 531 (2d Cir. 1990) (rejecting argument that counsel suffered *per se* conflict where counsel knew he was under investigation for obstruction of justice and tax evasion during defendant's trial).

Hon. Lewis A. Kaplan
May 15, 2013
Page 3

severe that no rational defendant would waive it," the Court must disqualify the attorney. *See Kliti*, 156 F.3d at 153; *United States v. Leslie*, 103 F.3d 1093, 1098 (2d Cir. 1997) (conflict must be both "actual and severe" to be non-waivable); *Levy*, 25 F.3d at 153 (court obliged to disqualify counsel where "the attorney suffers from a severe conflict" such that "no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation"). In all other cases, the Court must conduct a hearing to determine whether the defendant will knowingly and intelligently waive his right to conflict-free representation. *See Kliti*, 156 F.3d at 153; *Leslie*, 103 F.3d at 1098; *Levy*, 25 F.3d at 153.

In *United States v. Curcio*, the Second Circuit set forth parameters for the conduct of such a hearing. 680 F.2d at 880-890; *see United States v. Iorizzo*, 786 F.2d 52, 59 (2d Cir. 1986). Such a hearing should include a direct colloquy between the Court and the defendant in which the Court advises the defendant of the dangers of the particular conflict, determines through questions designed to elicit narrative responses whether the defendant understands the risks presented and freely chooses to waive them, and affords the defendant ample opportunity to consult with independent counsel and to evaluate the situation before deciding how to proceed. *See Iorizzo*, 786 F.2d at 59; *Curcio*, 680 F.2d at 888-90.

In light of the potential conflict of interest posed by the investigation of Mr. Cohen in this District and the pending charges against Mr. Cohen in the Northern District of New York, the Government respectfully asks the Court to conduct a *Curcio* colloquy of the defendant to ensure the defendant's knowing and voluntary waiver of the conflict. In anticipation of such a hearing, the Government has prepared the enclosed Proposed *Curcio* Hearing Questions.

Hon. Lewis A. Kaplan
May 15, 2013
Page 4

      Mr. Cohen has advised the Government that he requests, if a *Curcio* letter in this matter is filed on the docket, it be filed under seal.

                                                Respectfully submitted,

                                                PREET BHARARA
                                                United States Attorney

                       By:    /s/ John P. Cronan
                             John P. Cronan / Michael Ferrara
                             Assistant United States Attorneys
                             Tels.: (212) 637-2779 / -2526

Enclosures

cc:    Stanley Cohen, Esq.
       Geoffrey S. Stewart, Esq.
       Philip L. Weinstein, Esq.
       Martin Cohen, Esq.
       Jonathan Marvinny, Esq.
       Justine Harris, Esq.
       *By electronic mail*

The Government's Proposed *Curcio*
Hearing Examination of Sulayman Abu Ghayth
===

A. Introductory Questions

    a. How old are you?

    b. How far did you go in school?

    c. Do you currently consult a doctor for any condition?

    d. Are you currently under the influence of alcohol or drugs of any kind?

B. Circumstances of Representation

    a. Are you currently represented by Mr. Stanley Cohen?

    b. Is Mr. Cohen retained or appointed counsel?

    c. Have you been satisfied with Mr. Cohen's representation?

    d. How long has Mr. Cohen represented you? How long have you known Mr. Cohen?

    e. Have you retained counsel or had counsel appointed for you in other criminal or civil matters? [If yes, the Government respectfully requests that the Court ask: In connection with what matters? Has Mr. Cohen represented you in connection with these other matters?]

    f. Are you aware that, on June 14, 2012, Mr. Cohen was charged in the Northern District of New York with obstructing and impeding the Internal Revenue Service and causing the failure to file required reports? Are you aware that those are criminal charges?

    g. Are you aware that, on August 1, 2012, an attorney for Mr. Cohen was informed that Mr. Cohen is the subject of a criminal tax investigation being conducted by the United States Attorney's Office for the Southern District of New York? Do

1

you understand that, as a result of this investigation, Mr. Cohen may be charged and prosecuted by the United States Attorney's Office for the Southern District of New York?

h. What is your understanding of Mr. Cohen's role in representing you?

C. Potential Conflict of Interest

a. Do you understand that Mr. Cohen's status as a defendant in criminal proceedings in the Northern District of New York and his status as the subject of an investigation by the United States Attorney's Office for the Southern District of New York create a potential conflict of interest? Do you understand that Mr. Cohen might conceivably be tempted to curry favor with the Court or the Government or take other actions that might not be to your benefit in order to assist himself or otherwise defend himself in connection with the criminal proceedings in the Northern District of New York, the on-going investigation in the Southern District of New York, and a potential prosecution in the Southern District of New York? Do you understand, in other words, that it is hypothetically possible that your attorney will feel a loyalty to his own interests rather than to your interests? Do you understand that this could conceivably affect the way in which he represents you going forward in your case?

b. Let me give you some examples of the ways in which Mr. Cohen's status as the defendant in a criminal investigation in the Northern District of New York and as a subject in a criminal investigation in this District could theoretically lead him to take steps that might be against your interests. Are you aware, for instance, that a desire on his part to gain the favor of the Court or the United States Attorney's

2

      Office in his own case might create an incentive for him to advise you not to fight the Government? Do you understand that Mr. Cohen may be reluctant to take positions in your case that the Court disapproves of or that the Government opposes because of a desire to help himself in his own case?

  c. Do you understand that the fact that Mr. Cohen is under investigation in this District might lead him to become hostile to the Government and unnecessarily adversarial with the Government in a manner that might not be in your best interest? Do you understand that if Mr. Cohen's own case leads him to develop hostility to the Court or the Government, he may take positions or make arguments in your case that risk making the Court or the Government less sympathetic to you, because of Mr. Cohen's advocacy?

  d. Are you dissatisfied in any way with Mr. Cohen's representation of you in this case up to this point?

  e. Do you understand that the greatest danger is the inability to foresee all the conflicts that may arise?

  f. Do you understand that the Court, having presided at many trials in this Courthouse, believes that representation by an attorney with a conflict of interest may be ill-advised?

  g. Describe in your own words your understanding of the conflict of interest arising in this situation.

D. Right to Conflict-Free Representation

  a. Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him is undivided, and who

is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

b. Have you received any inducements, promises, or threats with regard to the choice of counsel in this case?

c. [If the defendant has ever paid, or has had a third party pay, Mr. Cohen for any legal services he provided to the defendant, the Government respectfully requests that the Court ask: Are you paying Mr. Cohen's fee or is someone else paying Mr. Cohen to represent you? If someone else is paying, who is paying Mr. Cohen? Do you understand that, because Mr. Cohen is being paid by a third party, Mr. Cohen may be influenced by this third party in connection with his representation of you, that is, Mr. Cohen may be influenced to advise you to do things that are in the third party's best interests and not in your best interests? *See Amiel* v. *United States*, Docket No. 98-2135, 2000 WL 378880 (2d Cir. April 13, 2000).]

d. Have you consulted with counsel other than Mr. Cohen about the hazards of the conflict of interest?

e. Do you understand that you have a right to consult with a lawyer other than Mr. Cohen to determine whether you wish Mr. Cohen to continue representing you? Do you understand that the Court will give you an opportunity to do so, and that the Court encourages you to do so? Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about these conflict-of-interest issues and/or to represent you?

E. General

    a. Do you understand that you have the right to object to Mr. Cohen's continued representation of you based upon the existence of a conflict of interest?

    b. It is important that you understand that no one can predict with any certainty the course that this case will take or how this conflict may affect it. Do you agree to waive any post-conviction argument, on appeal or otherwise that, by virtue of Mr. Cohen's representation of you and the conflicts we've discussed, you were denied effective assistance of counsel by Mr. Cohen

    c. What is your understanding of the right to "effective assistance of counsel"?

    d. Is there anything that the Court has said that you wish to have explained further?

    e. The Court will give you an opportunity to think about what you have been told, and to talk it over with counsel other than Mr. Cohen. After you have thought it over, the Court will ask whether you have considered the matters that the Court has talked to you about, either with or without an attorney. Then the Court will ask whether you wish to continue with Mr. Cohen as your attorney.

    f. Do you need court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues? [If yes, the Government respectfully requests that the Court instruct the defendant to complete a financial affidavit.]



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUN 14 2012
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 5:12-CR- 316 (NAM) |
| | VIOLATIONS: |
| v. | |
| | 26 U.S.C. § 7212(a) (Obstructing and Impeding the IRS); and 31 U.S.C. § 5324(b)(1) and (d), and 31 C.F.R. Part 103 (Failure to File Required Reports Regarding Currency Transactions) |
| STANLEY L. COHEN, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

1. At all times relevant to this Indictment, Stanley L. Cohen ("Cohen") was an attorney who represented clients and appeared in federal and state court proceedings in the Northern District of New York.

2. Before on or about October 2005, Cohen operated his law practice, which was based in New York City, as a Schedule C business.

3. In or around October 2005, Cohen filed or caused to be filed Articles of Organization with the New York State Department of State to convert his law business into a New York domestic limited liability corporation, to be known as STANLEY L. COHEN & ASSOCIATES, LLC. Thereafter, Cohen conducted his law practice as, and used business letterhead identifying his law practice as, "Stanley L. Cohen & Associates, LLC" (referred to hereinafter as "the LLC"). The

business address provided to the New York State Department of State for the LLC entity was 119 Avenue D, Fifth Floor, New York City, New York 10009. As of November 18, 2010, the LLC had not filed Articles of Dissolution and, as indicated by the records of the New York State Department of State, remained an existing limited liability company.

COUNT ONE

[Obstructing and Impeding the IRS]

4.  The allegations set out in paragraphs 1 through 3 are hereby incorporated by reference.

5.  Beginning in at least 2003 and continuing through 2010, in the Northern District of New York and elsewhere, defendant STANLEY L. COHEN corruptly obstructed and impeded, and endeavored to obstruct and impede, the due administration of federal internal revenue laws contained in Title 26 of the United States Code by, among other things:

   a.  failing to file individual and corporate income tax returns with the Internal Revenue Service, as required by law, for tax years 2005, 2006, 2007, 2008, 2009, and 2010;

   b.  failing to file, and causing his law practice to not file, a Form 8300 with the Internal Revenue Service, as required by law when he or the law practice received more than $10,000 in currency in one transaction or two or more related transactions in the course of his trade or business;

   c.  failing to maintain books and records documenting financial information concerning the operation of Cohen's law practice (both before and after it became an LLC), including gross receipts, income, and expenses;

   d.  failing to provide books, receipts, and records to his tax preparer for his law practice

(both before and after it became an LLC):

e. failing to file a Form 1099 or W-2 with the Internal Revenue Service documenting compensation paid to an individual who performed services for the defendant and his law practice business during tax years 2004, 2005, 2006, 2007, 2008, 2009, and 2010;

f. keeping significant amounts of cash in a safe and a safe deposit box;

g. failing to maintain business bank accounts for the law practice (both before and after it became an LLC);

h. making regular deposits of cash into personal financial accounts, often in amounts less than $10,000, thereby avoiding the filing of Currency Transaction Reports with the Internal Revenue Service;

i. instructing an individual to receive cash owed to him or the law practice and then conduct wire transfers with some of that cash in Cohen's name and on his behalf in amounts under $10,000;

j. paying for expenses of the law practice with cash;

k. receiving non-monetary payment in exchange for legal services, and not maintaining business records of such payments and not reporting such payments as gross receipts or income; and

l. soliciting and receiving cash payments from clients and others acting on behalf of clients for legal services;

all of which actions obstructed and impeded the Internal Revenue Service in accurately calculating the revenues, receipts, expenses, and taxes due and owing from Cohen and the law practice (both

3

before and after it became an LLC).

All in violation of Title 26, United States Code, Section 7212(a).

## COUNTS TWO AND THREE

[Causing the Failure to File Required Reports]

6. The allegations set out in paragraphs 1 through 3 are hereby incorporated by reference.

7. On or about the dates set out below, in the Northern District of New York, the defendant, STANLEY L. COHEN, knowingly and for the purpose of evading the reporting requirements of Section 5331 of Title 31, United States Code, and regulations prescribed thereunder, caused and attempted to cause a nonfinancial trade and business to fail to file a report required under Section 5331 of Title 31, and a regulation prescribed under such section, in that the defendant caused and attempted to cause his law practice to fail to file a Form 8300 with the Internal Revenue Service after the law practice received from or on behalf of the clients whose initials are set out below more than $10,000 in currency in one transaction or two or more related transactions:

| Count | Date | Description of Transaction(s) |
|---|---|---|
| 2 | In or about August 2008 | $20,000 in cash from TJF |
| 3 | In or about summer 2010 | $15,000 in Canadian currency from JS |

All in violation of Title 31, United States Code, Sections 5324(b)(1) and 5324(d) and Title 31, Code of Federal Regulations, Part 103.

4

Forfeiture Allegation

1. The allegations contained in Counts Two and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 31, United States Code, Section 5317.

2. Pursuant to Title 31, United States Code, Section 5317, upon conviction of an offense in violation of Title 31, United States Code, Section 5324, the defendant, STANLEY L. COHEN, shall forfeit to the United States of America all property, real or personal, involved in the offenses and any property traceable to such property. The property includes, but is not limited to, the following: $20,000 in U.S. currency and $15,000 in Canadian currency.

3. The intent of the United States to forfeit property includes a money judgment representing the amount of all property, real or personal, involved in the offenses of conviction and any property traceable to such property.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

*Name Redacted

_____
Foreperson

Dated: June 14, 2012

RICHARD S. HARTUNIAN
Unites States Attorney

By: _____
JOHN G. DUNCAN
Assistant United States Attorney

_____
STEPHEN C. GREEN
Assistant United States Attorney