UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

    - v. -                                      :          S13 98 Cr. 1023 (LAK)

SULAIMAN ABU GHAYTH,                   :          **DECLARATION OF**
    a/k/a "Suleiman Abu Gayth,"                     **JOHN P. CRONAN**
                                      :
              Defendant.
                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN P. CRONAN, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1.      I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am one of the prosecutors assigned to the prosecution of Sulaiman Abu Ghayth, a/k/a "Suleiman Abu Gayth," the defendant ("Abu Ghayth").

2.      At the United States Attorney's Office for the Southern District of New York, the "prosecution team" for this matter consists of (1) Preet Bharara, United States Attorney; (2) Richard Zabel, Deputy United States Attorney, (3) Lorin Reisner, Chief of the Criminal Division; (4) Michael Farbiarz, Co-Chief of the Terrorism and International Narcotics Unit; (5) Jocelyn Strauber, Co-Chief of the Terrorism and International Narcotics Unit; (6) John Cronan, Assistant United States Attorney; and (7) Michael Ferrara, Assistant United States Attorney. Each member of the prosecution team has informed me that he or she has not come upon,

reviewed, seen, heard, or in any way learned of any communications[1] of any members of the defense team.[2]  Moreover, each member of the prosecution team has informed me that he or she has not come to learn anything about Abu Ghayth's litigation or trial strategy, other than from defense team statements made in Court, from direct oral or written defense team interactions with Assistant United States Attorneys, or by means of public reporting in the media of defense team statements.  In addition, each member of the prosecution team has informed me that he or she has not learned anything at all about Abu Ghayth's defense team's communications with potential witnesses, about legal matters, or about any subject at all.

3.      I additionally have contacted each of the New York Joint Terrorism Task Force law enforcement agents assigned to this case; their direct supervisors; and the law enforcement agents who interviewed Abu Ghayth on March 1, 2013.  Each of these law enforcement agents has indicated to me that he has not come upon, reviewed, seen, heard, or in any way learned of any communications of any members of the defense team.  Each of these agents has also informed me that he has not come to learn anything about Abu Ghayth's litigation or trial strategy, other than from defense team statements made in Court, from direct oral or written defense team interactions with Assistant United States Attorneys, or by means of public reporting in the media of defense team statements.  In addition, each of these law enforcement

_____

[1] For purposes of this Declaration, "communications" are communications of any kind, other than (1) statements made in Court by the defense team, (2) direct oral or written interactions between the defense team and Assistant United States Attorneys, or (3) defense team statements learned of by means of public reporting in the media.

[2] For purposes of this Declaration, "defense team" is: Abu Ghayth's current criminal defense attorneys (Stanley Cohen, Geoffrey Stewart, Zoe Dolan, and Ashraf Nubani) and their staff, and Abu Ghayth's former criminal defense attorneys (Philip Weinstein, Martin Cohen, and Jonathan Marvinny) and their staff.

agents has informed me that he has not learned anything at all about Abu Ghayth's defense team's communications with potential witnesses, about legal matters, or about any subject at all.

4.      To the extent any potentially privileged attorney communications come to the attention of any member of the prosecution team --- which to date has not occurred --- those communications would be reviewed by a "taint team" of Assistant United States Attorneys who are not assigned to this case.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:      July 8, 2013
            New York, New York


                              __/s/__John P. Cronan_____
                              John P. Cronan
                              Assistant United States Attorney
                              Tel.: (212) 637-2779