```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

          -against-

SULAIMAN ABU GHAYTH,

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S13 98 Crim. 1023 (LAK)

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      In accordance with the procedures employed in *United States v. Aref*, 533 F.3d 72, 76-77, and in connection with this Court's review, under Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 §4, of classified discovery materials, the Court will meet *ex parte* with the government on September 4, 2013 at 4:00 p.m. to be informed in general terms of the proof the government plans to present at trial. The purpose is to permit the Court to be better informed to make the judgments called for by the government's CIPA motion. Absent objection from the government, the Court then will meet *ex parte* with the defense to be better informed of the defenses they plan to present for the same purpose, provided of course that the defense elects to share that information. The *ex parte* proceedings will be recorded by a court stenographer and the transcripts will be filed in due course.

      The Court writes briefly to indicate the basis for its conclusion that it is appropriate to conduct a conference *ex parte*.

      Section 4 of CIPA permits, but does not require, the government to apply for authorization to protect sensitive but otherwise discoverable information by redaction and substitution of summaries "in the form of a written statement to be inspected by the court alone." It does not specifically address the question whether such applications may be made or supplemented orally as well "to the court alone," i.e., *ex parte*. But the structure of Section 4 implies that this is permissible.

      The statute provides that the entire text of any written statement by the government in support of such an application "shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal" in the event the application is granted. Thus, it manifests clearly Congress' intention to permit *ex parte* applications of this nature provided that a clear record is created and maintained "in the records of the court" to facilitate any

appellate review.

        There is no material difference between *ex parte* written and oral statements in support of an application of this nature provided the same safeguards apply in both instances. The Court therefore concludes that *ex parte* oral conferences and hearings are permissible in connection with CIPA § 4 applications if they are transcribed verbatim and the transcripts and any exhibits received therein are properly preserved. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *United States v. Campa*, 529 F.3d 980, 994-95 (11th Cir. 2008); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998). The Court affords the defendants a similar opportunity as a matter of fairness.

        SO ORDERED.

Dated:     August 19, 2013

                                                  Lewis A. Kaplan
                                          United States District Judge