

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
UNITED STATES OF AMERICA,

          -against-                                  S13 98 Crim. 1023 (LAK)

SULAIMAN ABU GHAYTH,

          Defendant.
---------------------------------------- x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant has moved, insofar as is relevant here, to suppress statements made to law enforcement during a flight from Jordan to the United States. DI 1263, at 1, 6-7, 49-77.[1] He argues

---

[1] Defendant's papers – notice of motion, supporting affirmation, and memorandum, which totaled approximately 84 pages – were filed electronically as a single document without differentiation on the docket sheet. The pages of the notice of motion were numbered consecutively from 1 to 3. The pages of the affirmation and memorandum of law, save for one unnumbered page, were numbered consecutively from 1 to 80. The ECF system then automatically affixed a header to each page, numbering all of the pages consecutively from 1 to 84. Thus, the pagination of defendant's papers is inconsistent as between the page numbers affixed by defendant and those affixed by the ECF system. This order refers to particular portions of defendant's papers using the pagination contained in the ECF headers.

The Court notes that defendant's papers were filed in disregard of S.D.N.Y. ECF Rules & Instructions § 15.2-15.3 and its predecessor counterparts, which require that each paper – in this case, the notice of motion, the affirmation, and the memorandum – be filed separately, each under the appropriate ECF filing event. Those rules and instructions, when followed, provide a docket sheet that more clearly reflects the content of the record and minimizes the confusion caused by any pagination inconsistencies.

Defendant's counsel hereby are directed henceforth to file papers in complete conformity with the ECF Rules & Instructions.

There is a further possible difficulty with defendant's papers. His memorandum makes extensive references to materials, at least some of them purportedly factual in nature, cited only to various Internet web sites. There are substantial issues concerning the authenticity, accuracy, and archival integrity of such materials. There are substantial issues also whether such materials properly may be considered as parts of the record in this case. *See* FED. R.

principally that those statements should be suppressed because he was not given *Miranda* warnings and the statements were not voluntary. The government disputes these allegations and submitted a declaration from a Deputy U.S. Marshal. It agrees, however, that there is a disputed issue of fact making an evidentiary hearing appropriate. DI 1277, at 26. Accordingly, on August 13, 2013, the Court set an evidentiary hearing on the motion to suppress to commence on September 17, 2013. DI 1278.

By letter dated September 10, 2013, the defendant proposes that the government present its case on September 17, 2013. But he now asks for a continuance of twenty days following the conclusion of the government's case at the hearing. He now claims that he wishes to present an expert witness with respect to the voluntariness of defendant's statements, that he has had difficulty in procuring such a witness, and that he needs more time to find one. The government takes no position.

The request for a reasonable extension to attempt to find another expert is reasonable in the circumstances. But there is no reason to postpone the presentation of defendant's entire case on the suppression motion. The question whether the defendant was given *Miranda* warnings, for example, depends entirely on whether the Court ultimately believes the defendant or the government's evidence. Moreover, there is no reason why the defendant (and any other witnesses he intends to call other than the hoped-for expert) cannot give their testimony as originally scheduled.

Accordingly, defendant shall proceed with his case on the suppression motion, if any, immediately upon the conclusion of the government's case. When he completes his case in all respects other than the presentation of the expert witness (if one is located), he shall rest subject to the testimony of that witness. The government then shall proceed with any rebuttal evidence save for any rebuttal with respect to any expert witness later presented by the defendant. The hearing then will conclude in all respects save that expert testimony and any rebuttal thereto.

The defendant's request for a continuance thus is granted to the extent set forth above and denied in all other respects. The Court will hear the defendant's expert witness (if any) and any rebuttal thereto on October 8, 2013 at 9:30 a.m.

SO ORDERED.

Dated: September 13, 2013

_____
Lewis A. Kaplan
United States District Judge