UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

UNITED STATES OF AMERICA,

          -against-

SULAIMAN ABU GHAYTH,

          Defendant.

------------------------------------------------x

S13 98 Crim. 1023 (LAK)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/13
```

## ORDER

LEWIS A. KAPLAN, *District Judge*.

      Defendant Sulaiman Abu Ghayth moves to dismiss the indictment against him, suppress various post-arrest statements, strike certain "prejudicial surplusage" from the indictment, receive additional discovery under Rule 16 and *United States v. Brady*, and for a bill of particulars.[1] The portion of Abu Ghayth's motion seeking suppression of his post-arrest statements is addressed in a memorandum opinion of even date. The balance of his motion is addressed in this Order.

*Dismissal of the Indictment*

      Defendant seeks dismissal of the indictment for three separate reasons. First, he contends that prosecution is barred by the statute of limitations. Second, he contends that this prosecution is untimely and thereby violates Due Process. Third, he contends that the indictment is deficient as to specificity under the Sixth Amendment and Federal Rule of Criminal Procedure 7(d). None of these contentions has merit.

      The government easily refutes defendant's statute of limitations argument. Defendant claims that a five-year statute of limitations applies to 18 U.S.C. § 2332(b), the statute under which he is charged.[2] To the contrary, 18 U.S.C. § 3286(b) modifies Section 2332(b), stating "[n]otwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense listed in section 2332b(g)(5)(B), if the commission of such offense resulted in, or created a forseeable [*sic*] risk of, death or serious bodily injury to another

---

[1] Def. Omnibus Mot. [DI 1263]; Def. Mot. for a Bill of Particulars [DI 1272].

[2] DI 1263 at 9.

person."[3] Because this extension of time clearly applies to the offense with which defendant has been charged, this portion of his motion is denied.

Defendant next argues that this Court should dismiss the indictment because, in essence, the United States could have indicted him and secured his release from Iran at any point during his eleven-year detention and that its failure to do so renders this prosecution untimely.[4] Defendant concedes in his brief that, to prevail, he must show that "the delay was an intentional device to gain [a] tactical advantage over the accused."[5] Defendant has failed, however, to point to any credible evidence that the United States could have extradited him from Iran or that any failure to do so was designed to gain a tactical advantage over him.

Finally, defendant argues that this Court should dismiss the indictment because it lacks specificity in violation of the Sixth Amendment and Federal Rule of Criminal Procedure 7(d). As the government lays out in its brief, the indictment sufficiently "state[s] the essential elements of the charge against" defendant, thereby satisfying Rule 7(d) and the Sixth Amendment.[6]

*Discovery*

Defendant requests an order requiring discovery of documents related to U.S. involvement in his arrest and detention in Iran; the conditions of his confinement in Iran and Turkey; his transfer to Turkey; and his transport to the country in which the United States ultimately captured him from a litany of government entities and agencies. The government is not obligated to search the files of other agencies not involved in this prosecution.[7] Even so, the government responds that it has conducted a search of federal intelligence agencies and provided any arguably relevant material to defendant, thereby in the government's view satisfying its obligations under *Brady* and Rule 16.[8]

---

[3] 18 U.S.C. § 3286(b).

[4] DI 1263 at 11-12.

[5] *Id.* at 16 (quoting *United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999)).

[6] Gov. Br. [DI 1277] at 13 (quoting *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000)).

[7] *United States v. Ghailani*, 687 F. Supp. 2d 365, 370-72 (S.D.N.Y. 2010); *United States v. Stein*, 424 F. Supp. 2d 720, 723 (S.D.N.Y. 2006); *United States v. Giffen*, 379 F. Supp. 2d 337, 342-43 (S.D.N.Y. 2004).

[8] DI 1277 at 11.

3

*Surplusage*

Defendant moves to strike alleged "surplusage" from the indictment, specifically targeting statements regarding al Qaeda's history.[9] "Motions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial."[10] As the government sets out, al Qaeda's past actions are relevant to establishing the conspiracy that it alleges the defendant joined.[11]

*Bill of Particulars*

Defendant moves for a bill of particulars, arguing that he is unable to ascertain the facts constituting the case against him, that the indictment does not identify alleged co-conspirators or the dates, times, and circumstances of certain relevant events, and that this lack of specificity prejudices him and hinders his ability to make his defense.[12]

"A bill of particulars is merited 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'"[13] Here, however, "[w]hat defendant seeks is in the nature of the 'wheres, whens and with whoms' that Courts have held to be beyond the scope of a bill of particulars."[14]

Defendant requests also additional information regarding the "background of the conspiracy."[15] The background information, while helpful in understanding the overall conspiracy, "does not constitute a criminal charge which the Defendant must answer."[16] It cannot be said that

---

[9] DI 1263 at 73-78.

[10] *United States v. Mulder*, 273 F.3d 91, 99 (2d Cir. 2001) (citation omitted).

[11] DI 1277 at 25.

[12] Def. Mem. in Support of Mot. for a Bill of Particulars [DI 1273] at 9.

[13] *United States v. Schlesinger*, 261 F. App'x 355, 359 (2d Cir. 2008) (citation omitted).

[14] *E.g.*, *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001).

[15] DI 1273 at 10-12.

[16] *United States v. Bin Laden*, 92 F. Supp. 2d 225, 243 (S.D.N.Y. 2000), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93 (2d Cir. 2008).

4

this additional information is necessary. The overt acts listed in the indictment are described with adequate particularity, especially when coupled with discovery that defendant already has received. For these reasons and the reasons stated in the government's response, defendant's motion for a bill of particulars is denied.

*Conclusion*

       Defendant's motions [DI 1263, DI 1272] are denied in all respects for the reasons set forth in this Order and in the memorandum opinion of even date.

       SO ORDERED.

Dated:     November 26, 2013

_____
Lewis A. Kaplan
United States District Judge