USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        -against-

SULAIMAN ABU GHAYTH,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S14 98 Crim. 1023 (LAK)

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        The defendant moves *in limine* to preclude the introduction at trial of a recording of a purported June 2002 interview in which he made certain statements. He argues that the recording is not entirely authentic or relevant and that its introduction would be overly prejudicial.

        To demonstrate authenticity, the proponent must adduce evidence that "the item is what the proponent claims it is."[1] This showing must permit "a reasonable juror [to] find in favor of authenticity" by "clear and convincing evidence."[2]

        The parties have stipulated that the recording is an audio recording of the defendant.[3] Defendant, however, objects to the "material integrity of the item as a whole and contests its alleged circumstances."[4] In other words, he claims that he does not know who the other party on the recording is and has produced an expert report stating that the recording was spliced.[5]

        The stipulation and the context of the recording would permit a jury to find that it is

---

[1] FED. R. EVID. 901(a).

[2] *United States v. Ruggiero*, 928 F.2d 1289, 1303 (2d Cir. 1991).

[3] Gov. Opp. [DI 1502] Ex. B ¶ 9.

[4] Def. Mem. [DI 1493] at 2.

[5] *Id.*

2

a recorded interview between someone from the As-Sahab Foundation and the defendant.[6] The defendant's answers regularly incorporate portions of the interviewer's questions, and the interviewer's questions in turn regularly acknowledge the substance of the defendant's previous answers. The government intends to call a witness at trial who will testify that the recording was available for download on the Internet as of June 2002.

The nature and content of the recording and testimony as to the date on which it became available all are sufficient for a reasonable juror to find that the government has established authenticity by clear and convincing evidence. In determining what weight to afford the recording, the jury may consider the defendant's claim that the recording was doctored.[7]

The defendant's relevance and prejudice objections similarly are unavailing. The recording, assuming authenticity, clearly is relevant, as it contains, among other things, statements suggesting that Abu Ghayth had foreknowledge of attacks against United States interests and statements encouraging Muslims to join the *jihad*. And the probative value is not substantially outweighed by the danger of unfair prejudice.[8] Unfair prejudice "involves some adverse effect . . . beyond tending to prove the fact or issue that justified [the evidence's] admission."[9] There would be no such adverse effect here. To the extent that introducing this evidence may have a negative effect on the defendant, it will be because the evidence tends to show his guilt, not because it has prejudiced him.

---

[6] Interviewer: "As-Sahab Foundation for Islamic Media Publication is pleased to conduct this recorded interview and the first of its kind, with the spokesman of Al-Qaeda organization, Sheikh Sulaiman Abu Ghayth." Sulaiman Abu Ghayth: "First of all, we thank As-Sahab Foundation for its endeavor . . . ." DI 1502, Ex. A at 1-2.

[7] *See United States v. Sovie*, 122 F.3d 122, 127 (2d Cir. 1997) ("The District Court correctly held that the allegations of tampering went to the weight of the evidence rather than to its admissibility.").

[8] FED. R. EVID. 403.

[9] *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (citation and internal quotations omitted) (alteration in original); *see also United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (holding the challenged evidence admissible where it "did not involve conduct any more sensational or disturbing than the crimes with which [the appellants] were charged" (citation and internal quotations omitted) (alteration in original)).

3

Accordingly, the defendant's motion [DI 1492] is denied without prejudice to a renewal at trial.

SO ORDERED.

Dated:   February 28, 2014

_____
Lewis A. Kaplan
United States District Judge